**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JULIO TRINIDAD,

                       Plaintiff,      COMPLAINT

-against-

                                    **CV 12 - 2803**

THE CITY OF NEW YORK, POLICE OFFICER
JOSEPH FERNANDEZ, Shield No. 22694, and     Jury Trial Demanded
JOHN and JANE DOE 1 through 3, Individually
and in their official capacities (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

                       Defendants.
-------------------------------------------------------------x

       Plaintiff, JULIO TRINIDAD, by his attorney, EDWARD FRIEDMAN, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

       1.     Plaintiff brings action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S. §§ 1983 and 1988 for violation of the plaintiff's civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States.

### JURISDICTION

       2.     The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff JULIO TRINIDAD is a legal resident of the United States and a resident of the State of New Jersey.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the defendants, JOSEPH FERNANDEZ, and JOHN and JANE DOE 1 Through 3 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the officials rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts to be alleged herein were done by said individuals while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On August 4, 2011 at approximately 4 P.M plaintiff JULIO TRINIDAD was lawfully outside premises 1164 Liberty Avenue, in the County of Kings, City of New York.

14. At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or probable cause approached plaintiff. Plaintiff was subsequently handcuffed and arrested. on a charge of criminal possession of marijuana in the 5°. The plaintiff was taken to the 75th Precinct, and subsequently to Central Booking in Kings County, City and State of New York, where he was released from custody prior to arraignment on August 5, 2011 at approximately 4 P.M.. Plaintiff was held in custody approximately 24 hours.

15. As a result of the foregoing, plaintiff JULIO TRNIDAD, sustained, *inter alia*,

physical injury, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §1983)

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" with the same force and effect as if fully set forth herein.

17. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

18. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

19. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

20. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

21. Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the

respective municipality/authority, which is forbidden by the Constitution of the United States.

22. As a result of the aforementioned conduct of defendants, plaintiff JULIO TRINIDAD was injured.

## AS AND FOR A SECOND CAUSE OF ACTION
(Supervisory Liability Under 42 U.S.C. §1983)

23. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" though "22" with the same force and effect as if fully set forth herein.

24. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to property supervise and train their subordinate employees.

25. As a result of the aforementioned conduct of defendants, plaintiff JULIO TRINIDAD was injured.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure To Intervene Under 42 U.S.C. §1983)

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "25" with the same force and effect as if fully set forth herein.

27. Defendants had an affirmative duty to intervene on behalf of plaintiff JULIO TRINIDAD, whose constitutional rights were being violated in their presence by other officers.

28. The defendants failed to intervene to prevent the unlawful conduct described herein.

29. As a result of the foregoing, plaintiff JULIO TRINIDAD's liberty was restricted for an extended period of time, he was restrained, put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### AS AND FOR A FOURTH CAUSE OF ACTION
(False Arrest Under 42 U.S.C. §1983)

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. The defendants unlawfully arrested the plaintiff JULIO TRINIDAD against his will without probable cause.

32. As a result of the foregoing, plaintiff JULIO TRINIDAD was deprived of his Fourth and Fourteenth Amendment rights.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability Under 42 U.S.C. §1983)

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the

respective municipality/authority, which is forbidden by the Constitution of the United States.

35. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a de facto blanket policy, custom or practice of encouraging the unlawful arrests, humiliation, ethnic taunts and detention against Hispanic-American males by the NYPD. In Addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JULIO TRINIDAD'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

36. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JULIO TRINIDAD.

37. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JULIO TRINIDAD as alleged herein.

38. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind

the Constitutional violations suffered by plaintiff JULIO TRINIDAD as alleged herein.

39.  As a result of the foregoing customs, policies, usages, practices, procedures and rules of the city of new York and the New York City Police Department, plaintiff JULIO TRINIDAD was unlawfully stopped, seized, detained and incarcerated.

40.  Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JULIO TRINIDAD'S constitutional rights.

41.  All of the foregoing acts by defendants deprived plaintiff JULIO TRINIDAD of federally protected rights, including, but not limited to, the right:

   A.  To be free from false arrest;

   B.  To be free from the failure to intervene.

42.  As a result of the foregoing, plaintiff JULIO TRINIDAD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants I an amount to be fixed by a jury.

## Supplemental State Law Claims

43.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.  Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

8

45. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

46. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

47. Plaintiff has complied with all conditions precedent to maintaining the instant action.

48. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
(False Arrest Under the Laws of the State of New York)

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Plaintiff was arrested and held against his will in police custody for over twenty four hours.

51. As a result of the aforementioned conduct, plaintiff was unlawfully detained in violation of the laws of the State of New York.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring and Retention Under the Laws of the State of New York)

52 Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set

9

forth herein.

53. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff JULIO TRINIDAD.

54. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligent Training and Supervision Under the Laws of the State of New York)

55. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff JULIO TRINIDAD.

### AS AND FOR A NINTH CAUSE OF ACTION
(Negligence Under the Laws of the State of New York)

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Plaintiff JULIO TRINIDAD'S injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents,

who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A TENTH CAUSE OF ACTION
### (*Respondeat Superior* Liability Under the Laws of the State of New York)

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

61. As a result of the foregoing, plaintiff JULIO TRINIDAD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

WHEREFORE, plaintiff demands judgment and pray for the following relief, jointly and severally, against the defendants:

    A.     Full and fair compensatory damages in an amount to be determined by a jury;

    B.     Punitive damages in an amount to be determined by a jury;

    C.     Reasonable attorney's fees on behalf and the costs and disbursements of their actions; and

    D.     Such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       June 4, 2012

                                      EDWARD FRIEDMAN (EDF 4000)
                                      Attorney for Plaintiff

                                      26 Court Street - Suite 1903
                                      Brooklyn, New York  11242
                                      (718) 852-8849